Phillip A. Silvestri, Esq.
Nevada Bar No. 11276
GREENSPOON MARDER LLP
3993 Howard Hughes Parkway, Ste. 400
Las Vegas, NV 89169
Tel: 702-978-4249
Fax: 954-333-4256
Phillip.Silvestri@gmlaw.com
*Attorney for Petitioner*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC,

    Petitioner,

vs.

LAWRENCE ERWIN FAISON and MICHELLE R. FAISON

    Respondents.
_____/

CASE NO.

**DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC'S PETITION TO CONFIRM AN ARBITRATION AWARD AND ENTER JUDGMENT PURSUANT TO SECTION 9 OF THE FEDERAL ARBITRATION ACT**

Petitioner, Diamond Resorts U.S. Collection Development, LLC ("Developer"), in accordance with the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. (the "FAA"), and the Arbitration Agreements between Developer and Lawrence Erwin Faison and Michelle R. Faison (collectively, "Respondents"), file this Petition to Confirm (the "Petition") the Arbitration Award issued on January 23, 2020 (the "Final Award"). In support of this Petition, Petitioner alleges:

**PARTIES**

1. Developer is a limited liability company formed under the laws of State of Delaware, with its principal place of business being 10600 West Charleston Blvd., Las Vegas,

46251055_1

Nevada.

2. Respondents are husband and wife, are residents and citizens of the State of Pennsylvania, are not members of the military services, and are otherwise sui juris.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to the FAA, 9 U.S.C. § 9.

4. Respondents further assented to the jurisdiction of Nevada by filing counterclaims in the arbitration proceeding which took place in Las Vegas, Nevada, and which resulted in the Final Award, subject of this Petition.

5. Venue is dictated by Section 9 of the FAA, which sets venue for the confirmation of an arbitration award in the place where the arbitration was conducted and the award issued.

6. The final arbitration hearing took place in Las Vegas, Clark County, Nevada, and the arbitrator issued the Final Award within the territorial confines of the United States District Court, Clark County, Nevada.

**FACTUAL ALLEGATIONS**

7. Respondents and Developer entered into a series of Purchase and Security Agreements (the "Agreements") on August 4, 2014, July 11, 2015, and January 2, 2017, respectively, to purchase membership interests in the Diamond Resorts U.S. Collection. True and correct copies of the Agreements are attached as Composite **Exhibit A**.

8. Section 18 of each of the Agreements contains a provision for binding arbitration (the "Arbitration Agreements"), which provide that the Arbitration Provision is governed by the FAA and calls for arbitration before the American Arbitration Association ("AAA"). *See* Ex. A, ¶ 18(b) & (e).

9. The Arbitration Agreements between the Developer and Respondents also state that "[a]ny court with jurisdiction may enter judgment upon the arbitrator's award." *See* Ex. A, ¶ 18(f).

12. Alongside each of the August 4, 2014, July 11, 2015, and January 2, 2017 Agreements, Respondents executed Promissory Notes with Developer to finance their purchases.

13. On October 24, 2018, Developer initiated an arbitration proceeding by filing a Statement of Claim against Respondents with the AAA, alleging three counts of Breach of

Promissory Note in relation to the Agreements and their corresponding loan instruments.

14. The AAA accepted the Statement of Claim in October 2018 and initiated the arbitration proceeding captioned *Diamond Resorts U.S. Collection Development, LLC v. Lawrence Erwin Faison and Michelle R. Faison,* Case No. 01-18-0003-9823.

15. On November 29, 2018, Kirby J. Smith was appointed as the arbitrator (the "Arbitrator"). A true and correct copy of the AAA's Notice of Appointment of Arbitrator is attached as **Exhibit B**.

16. On February 22, 2019, Respondents filed a Counter-Demand, alleging claims of fraud, misrepresentation, and breach of implied covenant of good faith and fair dealing by Developer, along with statutory violations regarding deceptive trade practices.

17. The final arbitration hearing took place in Las Vegas, Nevada, on December 9, 2019, in accordance with the AAA Commercial Arbitration Rules.

18. Developer presented evidence from multiple witnesses and offered into evidence multiple exhibits to support its claim against Respondents and defend against Respondents' own claims.

19. Respondents, who were well aware of the hearing and were in communication with Developer, the AAA, and the Arbitrator, declined to attend the hearing or present witnesses.

20. On January 23, 2020, the Arbitrator entered the Final Award. A true and correct copy of the Final Award is attached hereto as **Exhibit C**.

21. With respect to Developer's breach of promissory note claims, the Arbitrator found in favor of Developer, holding that:

> Respondents defaulted on all three notes on June 24, 2018.
>
> As a result of nonpayment, as of December 20, 2019, respondents owed [Developer] $47,613.70, $14,561.35, and $23,223.31, respectively, for a total of $85,398.36 in principal plus $9,204.26, $4,182.11 and $5,906.83 in late fees and interest, for a grant total of $105,549.86, which represents the amount of damages suffered by [Developer]. Interest shall continue to accrue at a combined per diem of $28.61.

Ex. C at 1.

22. Next, the Arbitrator found that each of Respondents' Counter-Demands failed:

46251055_1

> The counterclaims are directly contradicted by the language of the transaction documents respondent [sic] signed contemporaneously with each purchase and, at the hearing, there was insufficient evidence introduced to substantiate any of the counterclaims.

*Id.* at 2.

23. Additionally, the Arbitrator found that each side would bear its own attorneys' fees and ruled that Developer was responsible for the administrative fees and expenses associated with the arbitration proceeding. *See* Ex. C at 2.

24. To date, Respondents have not complied with the terms of the Award and have failed to pay the sum awarded to Developer.

25. Respondents did not move to vacate, modify, or correct the Final Award within the three-month period afforded to them by Section 12 of the FAA. *See* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.").

26. Having failed to make such a motion, Respondents waived any right to contest or oppose confirmation of the Final Award. *See* 9 U.S.C. § 12.

27. Pursuant to the Agreement and Section 9 of the FAA, Developer timely moved for and is entitled to judgment confirming the Final Award and its findings and entering a final judgment, as awarded by the Arbitrator in the Final Award. *See* 9 U.S.C. § 9.

**WHEREFORE**, Petitioner respectfully requests that this Court:

A. Grant this Petition;

B. Confirm the Final Award, dated January 23, 2020, in its entirety;

C. Enter final judgment in conformity with the Final Award; and

///
///
///
///
///
///

46251055_1

D. Award Petitioner such other and further relief as the Court may deem proper.

Dated this 20th day of January, 2021.

Respectfully submitted,

By: __/s/ *Phillip A. Silvestri, Esq.*___
Phillip A. Silvestri, Esq.
Nevada Bar No. 11276
GREENSPOON MARDER LLP
3993 Howard Hughes Parkway, Ste. 400
Las Vegas, NV 89169
Tel: 702-978-4249
Fax: 954-333-4256
Phillip.Silvestri@gmlaw.com
Attorneys for Petitioner

**GREENSPOON MARDER LLP**
3993 Howard Hughes Parkway, Suite 400
Las Vegas, Nevada 89169
Phone: (702) 978-4249/ Fax: (945) 333-4256

46251055_1